892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew L. GROCE; Betty Bethea Groce, Plaintiffs-Appellants,
v.
James S. HARRISON; Intra-American Oil & Minerals, Inc.;
C.B. Harison, Jr.; Monticello Oil Company,
Defendants-Appellees.
 No. 88-3639.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 25, 1989.*
Decided Dec. 12, 1989.
 
 Before PREGERSON, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 SUMMARY
 
 2
 Betty Groce appeals, pro se, the district court's denial of her motion to reopen her husband's 42 U.S.C. § 1983 action to allow her to file an amended complaint. This appeal is dismissed for want of jurisdiction.
 
 FACTS
 
 3
 On January 28, 1986, Andrew Groce (Groce) filed a 42 U.S.C. § 1983 complaint in the district court for the Eastern District of Washington. He alleged that Interamerican Oil and Minerals, Inc., Monticello Oil Company, and their respective presidents, C.B. Harrison and James S. Harrison, entered his Texas property to drill an oil well without his consent.
 
 
 4
 On April 10, 1986, the district court ordered Groce to amend his complaint to allege federal subject matter jurisdiction, or have the complaint dismissed. He did not comply with this order and on July 21, 1986, the district court dismissed the complaint without prejudice for want of jurisdiction.
 
 
 5
 Andrew appealed the dismissal to this court. While that appeal was pending, Andrew filed a "notice of joinder of parties" indicating that his wife Betty was joining him as a plaintiff-appellant in this action, and that because he had conveyed the property at issue to her upon marriage, she was the real party in interest. Betty then filed the appellant's opening brief.
 
 
 6
 In July 1987, this court issued an order to show cause why the appeal should not be dismissed because the district court's order was not final, and postponed consideration of the notice of joinder pending resolution of the jurisdictional problem.
 
 
 7
 The appeal was subsequently dismissed for want of jurisdiction because the appellant's response failed to show that the district court's order dismissing the complaint without prejudice was final and appealable. Groce v. Harrison, No. 86-4085 (9th Cir. September 17, 1987) (Memorandum disposition).
 
 
 8
 Subsequently, the Groces filed a motion in the district court to reopen the case in order to file an amended complaint. On January 1, 1988, the district court denied the motion and returned the submitted pleading to the Groces.
 
 Non-final Order
 
 9
 Ordinarily, an order denying leave to amend a complaint is not appealable under 28 U.S.C. § 1291 unless special circumstances demonstrate that the trial court found that plaintiffs could not save the action by any amendment of the complaint they could reasonably be expected to make. State of California v. Harvier, 700 F.2d 1217, 1218 (9th Cir.1983), cert. denied, 464 U.S. 820 (1983).
 
 
 10
 Here, the Groces moved to reopen the action in order to file an amended complaint. The district court denied this motion because it determined that the amended complaint failed to set forth sufficient facts to invoke subject matter jurisdiction. The lower court's order did not preclude the Groces from filing an amended complaint sufficiently invoking federal subject matter jurisdiction. Indeed, it referred the Groces to its order dismissing the original complaint, which informed them of the deficiencies in their complaint and granted leave to amend. As such, the current order cannot be read as "clearly" demonstrating that the district court determined that no possible amendment could save the complaint. See Harvier, 700 F.2d at 1218.[1]
 
 
 11
 Because the requisite special circumstances are not present here, the order dismissing the amended complaint is not final for purposes of 28 U.S.C. § 1291, and we do not have jurisdiction to hear this appeal. See id.
 
 Accordingly, the appeal is
 
 12
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 In her brief on appeal, Betty argues that she set forth sufficient facts to give rise to diversity jurisdiction under 28 U.S.C. § 1331. She must first explicitly present these facts to the district court in a new amended complaint and obtain final judgment there before this court may decide the merits of this argument on appeal. See Proud v. United States, 704 F.2d 1099, 1100 (9th Cir.1983)